<table>
<tr><td>DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>Jefferson Combined Court<br>100 Jefferson County Parkway<br>Golden, CO 80401</td><td rowspan="2">DATE FILED: January 25, 2024 1:18 PM<br>FILING ID: 8B651E55EDE81<br>CASE NUMBER: 2024CV30117<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: Andrei Kan<br><br>v.<br><br>Defendants: Marriott International, Inc., a Delaware Corporation; Marriott Hotel Services, Inc., a Delaware Corporation; Marriott Hotel Services, LLC d/b/a Denver West Marriott Hotel, Inc., a Delaware Corporation; and Host Hotel & Resorts, Inc., a Maryland Corporation.</td></tr>
<tr><td>Attorneys for Plaintiff:<br>Thomas J. Arckey, #14551<br>Eric S. Steele, #56592<br>Arckey & Associates, LLC<br>7887 East Belleview Avenue<br>Suite 1100<br>Denver, CO 80111<br>Telephone: 303-798-8546<br>Email: tja@arlaw.us<br>eric@arlaw.us</td><td>Case Number:<br><br>Courtroom/Div:</td></tr>
<tr><td colspan="2">COMPLAINT</td></tr>
</table>

Plaintiff, Andrei Kan, by and through his counsel, Arckey & Associates, LLC, and for his Complaint states as follows:

## I. JURSIDICTION AND VENUE

1. This action stems from injuries sustained by Andrei Kan from a slip and fall incident occurring on or about February 4, 2022 ("the incident") at the business premises of



Exhibit A

Denver West Marriott located at 1717 Denver West Boulevard, Golden, Colorado 80401 (the "Premises").

2. Plaintiff Andrei Kan ("Plaintiff" or "Plaintiff Kan") is an individual and resident of Wisconsin.

3. Marriott International, Inc. is incorporated in Delaware and, on information and belief, did business in Jefferson County, Colorado on February 4, 2022. The principal address is 7750 Wisconsin Ave, Bethesda, MD 20814, and its registered agent is C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112.

4. Marriott Hotel Services, LLC d/b/a Denver West Marriott Hotel, Inc. is incorporated in Delaware and, on information and belief, did business in Jefferson County, Colorado on February 4, 2022. The principal address is 7750 Wisconsin Ave, Bethesda, MD 20814, and its registered agent is C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

5. Marriott Hotel Services, Inc. is incorporated in Delaware and, on information and belief, did business in Jefferson County, Colorado on February 4, 2022. The principal address is 7750 Wisconsin Ave, Bethesda, MD 20814, and its registered agent is C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

6. Host Hotels & Resorts, Inc. is incorporated in Maryland and, on information and belief, did business in Jefferson County, Colorado on February 4, 2022. The principal address is 4747 Bethesda Avenue, Suite 1300, Bethesda, MD 20814 and its registered agent is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

7. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within Jefferson County, State of Colorado.

8. Venue is proper in this action pursuant to C.R.C.P. § 98(c)(5), as the incident underlying this cause of action occurred within Jefferson County, State of Colorado.

## II. GENERAL ALLEGATIONS

9. The incident giving rise to this action occurred on or about February 4, 2022, at approximately 11:00 pm when Plaintiff Kan fell at the Premises.

10. At the time of the incident, Plaintiff Kan was an "invitee" as defined by C.R.S. § 13-21-115, because he entered and remained on the Premises to transact business in which Defendants were mutually interested.

11. On February 3, 2022, there was no precipitation or snowfall weather events at the Premises.

12. On February 4, 2022, there was no precipitation or snowfall weather events at the Premises.

13. At the time of the incident, there was no precipitation or snowfall weather events at the Premises.

14. At the time of the incident, there was a layer of ice on the parking lot surrounding the main entrance to the Premises' building.

15. At the time of the incident, the layer of ice was a dangerous condition.

16. Just prior to the incident, Plaintiff Kan exited the main entrance of the Premises' building.

17. Just prior to the incident, Plaintiff Kan was attempting to reach his vehicle in the parking lot of the Premises.

18. Approximately thirty yards from the main entrance of the premises, without warning and with great force, Plaintiff Kan slipped and fell on ice.

19. Plaintiff Kan could not have avoided the ice to reach his car in the parking lot of the Premises.

20. The failure to remove or warn about the ice resulted in a dangerous, hazardous condition which ultimately caused the incident.

21. At the time of the incident, Defendants owed Plaintiff Kan a duty to exercise reasonable care to protect him from dangerous conditions of which they had knowledge of or, which in the exercise of reasonable care, should have known.

22. Defendants owed a duty to Plaintiff Kan to warn him of any dangers on the Premises, of which they had knowledge or should have knowledge through reasonable inspection.

23. Defendants failed to maintain the Premises with respect to the icy condition, resulting in the hazardous, dangerous condition that caused the incident.

24. Defendants failed to warn Plaintiff Kan of the danger the icy condition posed on the Premises prior to the incident, ultimately causing or contributing to the incident.

25. At the time of the incident, the hazard presented a danger to Plaintiff Kan and other invitees.

26. At the time of the incident, appropriate de-icing was not applied to the icy condition.

27. At the time of the incident, appropriate graveling was not applied to the icy condition.

28. At the time of the incident, appropriate salting was not applied to the icy condition.

29. At the time of the incident, the Premises, including but not limited to, common areas, walkways, stairways, drop-off zones, sidewalks, and parking areas, were owned and/or operated and/or repaired and/or maintained and/or controlled by any and/or all of the Defendants.

30. At the time of the incident, Plaintiff Kan acted reasonably under the circumstances.

31. At the time of the incident, Plaintiff Kan was not comparatively at fault.

32. No third party is responsible for the incident.

33. As a direct and proximate result of the incident, Plaintiff Kan has suffered physical and emotional injuries; economic losses; and damages and losses that are likely to be permanent in nature, causing both past and future damages to Plaintiff Kan.

34. As a direct and proximate result of the incident, Plaintiff Kan has suffered and will continue to endure pain and suffering; impairment, disfigurement, loss of enjoyment of life; medical expenses; and such other losses.

35. Plaintiff was neither negligent nor contributed to the incident and injuries associated with the same.

36. Plaintiff Kan has not failed to mitigate his damages resulting from the incident.

**FIRST CLAIM FOR RELIEF**
**LANDOWNER LIABILITY AGAINST DEFENDANTS**
**PURSUANT TO COLORADO PREMISES LIABILITY ACT**

37. Plaintiff Kan incorporates and re-alleges herein the above allegations.

38. At the time of the incident, Plaintiff Kan was an "invitee" as defined by C.R.S. § 13-21-115 since he was on the Premises to conduct business.

39. At the time of the incident, Defendants were "landowners" of the Premises as defined by C.R.S. § 13-21-115.

40. Under the Colorado Premises Liability Act ("CPLA"), an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect

against dangers for which they have actual knowledge of or which they should have known.

41. Defendants were legally responsible for the icy condition at issue on the Premises or for the activities conducted or circumstances existing described here at the time of the incident and they, or their agents and/or employees failed to exercise reasonable care to protect Plaintiff Kan from the dangerous condition at issue.

42. Defendants failed to exercise reasonable care of the Premises and to warn invitees of the Premises, including Plaintiff, of the icy condition, and are therefore liable to Plaintiff Kan for the damages caused by the incident.

43. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Kan has suffered physical and emotional injuries; economic losses; and damages and losses that are likely to be permanent in nature, causing both past and future damages to Plaintiff Kan.

44. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Kan has and will continue to endure pain and suffering; impairment, disfigurement, loss of enjoyment of life; medical expenses; and such other losses.

## ***ALTERNATIVE*, SECOND CLAIM FOR RELIEF NEGLIGENCE AGAINST DEFENDANTS**

45. Plaintiff Kan incorporates and re-alleges herein the above allegations.

46. To the extent that any Defendants deny that they were a landowner of the Premises at the time of the incident and as defined by the CPLA, Plaintiff asserts a negligence claim against said Defendant(s).

47. Defendants owed a duty to exercise reasonable care to protect Plaintiff Kan from the dangerous condition at issue.

48. Defendants owed a duty to conduct activities on the Premises, and to maintain the Premises, in a reasonable and safe manner that did not pose an unreasonable risk of danger to persons, including Plaintiff Kan.

49. Defendants owed a duty to warn Plaintiff Kan of any dangerous or hazardous conditions that existed on the Premises, which they had knowledge of or which they should have known.

50. Defendants breached the above duties to Plaintiff Kan.

51. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Kan has suffered physical and emotional injuries; economic losses; and damages and losses that are likely to be permanent in nature, causing both past and future damages to Plaintiff Kan.

52. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Kan has and will continue to endure pain and suffering; impairment, disfigurement, loss of enjoyment of life; medical expenses; and such other losses.

53. To the extent that a Defendant(s) admits that it was a landowner of the Premises as defined by the CPLA at the time of the incident, then Plaintiff Kan will voluntarily dismiss his alternative, negligence claim against said Defendant(s).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and prays for an award of general, compensatory, and special damages in an amount to fairly compensate him for his injuries, including:

(a) past, present and future economic losses;
(b) medical expenses, past and future;
(c) limitations, impairment, injuries, disfigurement, and/or limitations of the body and/or mind;
(d) pain and suffering, past and future;
(e) loss of enjoyment of life and/or capacity of life;
(f) pre-judgment interest as provided by statute from the date of the incident which forms the basis of this Complaint to the date of verdict or judgment;
(g) post-judgment interest;
(h) costs and attorney fees; and,
(i) any other relief as this court may deem appropriate and just.

Respectfully submitted January 25, 2024.

*/s/Eric S Steele*
Thomas J. Arckey, #14551
Eric S. Steele, #56592
Arckey & Associates, LLC
7887 East Belleview Avenue
Suite 1100
Denver, CO 80111
Telephone: 303-798-8546
Email: tja@arlaw.us
eric@arlaw.us

Plaintiff's address:
S78W20418 Monterey Dr.
Muskego, WI 53150